HEMPSTEAD COUNTY *v.* STAR PUBLISHING COMPANY.

4-2765

Opinion delivered December 5, 1932.

*Carrigan & Monroe,* for appellant.

*W. S. Atkins* and *O. A. Graves,* for appellee.

MEHAFFY, J. The appellee, Star Publishing Company, filed its claim in the county court of Hempstead County for $1,211.50, which was 50 cents a tract for publishing delinquent tax list. The court disallowed the claim as filed, but did allow a claim of $605.75.

An appeal was prosecuted to the circuit court of Hempstead County, where it was tried, and the court instructed the jury to find for the plaintiff, Star Publishing Company, the full amount of $1,211.50. There was a verdict and judgment for that amount. The case is here on appeal.

The evidence tended to show that the county judge had refused to pay more than 25 cents for each separate tract of land.

Judge Higgason testified that Mr. Hawkins, the publisher of the Washington Telegraph, a paper published in Hempstead County, agreed to publish the list for 25 cents a tract, and Hawkins himself testified that he agreed to publish it for that amount. Several witnesses testified about conversations between the county judge and the publisher of the Star Publishing Company, and the publisher of the paper testified that he never did agree that he would publish the list in the Star Publishing Com-

pany for 25 cents a tract. The evidence shows that the county judge stated in all these conversations that he would not pay more than 25 cents a tract.

The evidence showed that the clerk delivered the list to the Star Publishing Company; that it was customary to do this, and that it was customary to publish the list in one paper one time, and the other paper the next time.

The law provides, in act 92 of the Acts of 1929, that the fees for advertising the sale of delinquent land shall be 50 cents for each tract or town lot advertised to be sold for delinquent taxes, which amount shall be added to the tax as cost of the sale. The act then provides how the fees shall be computed and paid, etc.

The effect of this act is to require the taxpayer to pay 50 cents for advertising, and that this 50 cents shall be added to the cost. We know of no law, however, which prohibits the county judge from making a contract with the publisher of a paper to advertise the list for a smaller sum, and, if such contract is made, it is binding between the parties to the contract, the publisher and the county.

There is some conflict in the evidence, and we think it was a question of fact as to whether there was a contract made between the Star Publishing Company and the county judge. This question should be submitted to and determined by the jury.

The judgment of the circuit court is therefore reversed, and the cause remanded for a new trial.